UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| My Pillow, Inc., a Minnesota corporation, | Civil Action No. |
| Plaintiff, | |
| v. | |
| HANGZHOU Warm Home Textile Co., LTD, a Chinese Company | **JURY TRIAL DEMANDED** |
| Defendant. | |

DAVID J. SIMONELLI (P47221)
Simonelli IP, PLLC
PO Box 935
Birmingham, Michigan 48012
Telephone:   248-252-7435
Email:         info@simonelliip.com

*Attorney for Plaintiff My Pillow, Inc.*

_____/

## COMPLAINT

NOW COMES Plaintiff, My Pillow, Inc., by and through its undersigned attorney, and for its Complaint against Defendant HANGZHOU Warm Home Textile Co., LTD states as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement in violation of section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114; unfair competition, false designation of origin, false representation, and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. §§ 1124 and 1125; trademark infringement and unfair competition under the Michigan Common Law; and for cancellation of the trademark under §2(d) of the Lanham Act, 15 U.S.C. §1052(d).

2. This Court has jurisdiction under 15 U.S.C. §§ 1119 and 1121; 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## PARTIES

4. Plaintiff My Pillow, Inc. ("My Pillow") is a Minnesota corporation having a principal place of business at 343 East 82nd Street, Suite 102, Chaska, MN 55318.

5. Defendant HANGZHOU Warm Home Textile Co., LTD. ("Hangzhou") is, upon information and belief, a Chinese company having a principal place of business at 3619 E. Elm Street, Phoenix, AZ.

## BACKGROUND

6. Night Moves Minnesota, LLC. ("Night Moves"), a Minnesota limited liability company, filed an intent to use trademark application on July 1, 2004 for the word mark "MYPILLOW" for pillows in International Class 020.  On January 7, 2008, Night Moves filed an allegation of use.  In the allegation of use, Night Moves claimed a date of first use anywhere of October 2004 and a date of use in interstate commerce of October 2004.  The trademark registered on April 8, 2008 with US Registration No. 3,410,314 ("My Pillow Trademark Registration") for the trademark "MYPILLOW" in connection with pillows.  A copy of the My Pillow Trademark Registration is attached as Exhibit 1 and is incorporated by reference.

7. On August 14, 2009, Night Moves assigned its entire interest in and to the trademark "MYPILLOW," the My Pillow Trademark Registration, along with all goodwill associated therewith, to My Pillow.

8. My Pillow has been selling its product in white and blue packaging since 2012. The packaging includes a picture of a man wearing a blue top with his head disposed adjacent a white pillow. A representation of its packaging is shown below:



Figure 1: My Pillow Packaging.

9. My Pillow currently spends several millions of dollars annually advertising its products. Through continuous and substantial advertising, use and promotion of the MYPILLOW mark to date, My Pillow acquired value, name recognition, and goodwill in the mark.

10. My Pillow has been using the MYPILLOW mark in commerce since August 14, 2009 and Night Moves had used the MYPILLOW mark in commerce since 2004.

11. On information and belief, Hangzhou owns at least one domain name www.myfacepillow.com. This domain name is directed to a website that displays pillows for sale under Hangzhou's alleged trademark MyFacePillow. A copy of this website is attached as Exhibit 2 and is incorporated by reference. Hangzhou, without authorization from My Pillow, has been using the name "MyFacePillow" in commerce, including use in Michigan and elsewhere for marketing, promoting, and selling its pillow products.

12. On information and belief, Hangzhou imports its products sold under the mark "MyFacePillow" from China.

13. On information and belief, Hangzhou has registered its above-identified address set forth in paragraph 5, above, with the Virginia Department of Health, Bedding and Upholstered Furniture Inspection Office.

14. On information and belief, Hangzhou is selling its products under the "MyFacePillow" mark nationally through its national distributor Amazon, Inc., regardless of state. Hangzhou product is available and has been purchased in Eastern District of Michigan.

15. Hangzhou's use of the mark "MyFacePillow" has caused, is continuing to cause, and is likely to cause confusion in the marketplace.

16. On information and belief, Hangzhou is selling its products through a website and in packaging that use white and blue colors.

17. Hangzhou's use of its product packaging and website design has cause, is continuing to cause, and is likely to cause confusion in the marketplace.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### UNDER SECTION 32(a) OF THE LANHAM ACT, 15 U.S.C. §1114

18. My Pillow realleges by reference the allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Hangzhou has used the mark "MyFacePillow" in interstate commerce without the consent of My Pillow.

20. Hangzhou's use of the mark "MyFacePillow" is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Hangzhou's goods or as to Hangzhou's affiliation, connection, approval or association with My Pillow.

21. Hangzhou's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

22. Hangzhou's trademark infringement has caused and will continue to cause My Pillow to suffer damage to its business, reputation, good will, profits, and the strength of its trademarks, and is causing ongoing irreparable harm to My Pillow for which there is no adequate remedy at law.

23. On information and belief, Hangzhou's infringement of My Pillow's trademark is willful and deliberate.

## COUNT II

### FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE REPRESENTATION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

24. My Pillow realleges by reference the allegations contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Hangzhou has used the mark "MyFacePillow" in interstate commerce without the consent of My Pillow.

26. Hangzhou's use of the mark "MyFacePillow" is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Hangzhou's goods or as to Hangzhou's affiliation, connection, approval or association with My Pillow.

27. Hangzhou's actions constitute unfair competition, false designation of origin, and false representation in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Hangzhou's unfair competition has caused and will continue to cause My Pillow to suffer damage to its business, reputation, good will, profits, and the strength of its trademarks, and is causing ongoing irreparable harm to My Pillow for which there is no adequate remedy at law.

29. On information and belief, Hangzhou's actions constituting unfair competition, false designation of origin, and false representation are willful and deliberate.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

30. Plaintiff realleges by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Hangzhou has used and continues to use the mark "MyFacePillow" to promote, market, or sell products or services in Michigan.

32. Hangzhou's use of the mark "MyFacePillow" is likely to cause confusion, to cause mistake, and/or to deceive as to the source of origin or affiliation of Hangzhou's goods or services.

33. Hangzhou's actions in Michigan constitute trademark infringement and unfair competition under the Common Law of Michigan.

34. My Pillow has been irreparably injured, and will continue to be irreparably injured unless the conduct of Hangzhou in Michigan is preliminarily and permanently enjoined.

35. Upon information and Hangzhou undertook the adoption of the "MyFacePillow" mark willfully or with reckless intention of trading upon the good will of My Pillow.

## COUNT IV

### TRADE DRESS MISAPPROPRIATION
### UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

36. My Pillow realleges by reference the allegations contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

37. My Pillow has been selling its product in white and blue packaging since at least as early as 2012. The packaging includes a picture of a man wearing a blue top with his head disposed adjacent a white pillow. See Figure 1 above.

38. Hangzhou packages its product in a white and blue box, and shows a human head on a white pillow. On the packaging, the person is wearing a blue top. Examples of the top and bottom of the packaging is shown below in Figures 2 and 3:



Figure 2: Top of packaging utilized by Hangzhou.



Figure 3: Bottom of packaging utilized by Hangzhou.

39. My Pillow has been harmed by Hangzhou's packaging because it is likely to cause confusion in the marketplace, a violation of 15 U.S.C.§1125(a).

## COUNT V

### TRADE DRESS MISAPPROPRIATION
### UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

40. My Pillow realleges by reference the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. My Pillow has been selling its product using a website having a white background and blue accents. The website has been in use in substantially similar form as it is currently designed since 2012. The website includes a picture of a man wearing a blue top with his head disposed adjacent a white pillow.

42. Hangzhou advertises its pillow product using a website having a domain name of www.myfacepillow.com. The website has a white background with blue accents and shows a human head on a white pillow. The person depicted on the website is wearing a blue top.

43. My Pillow has been harmed by Hangzhou's website because it is likely to cause confusion in the marketplace, a violation of 15 U.S.C.§1125(a).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff My Pillow respectfully requests that this Honorable Court:

A. Preliminarily and permanently enjoin Defendant Hangzhou, its agents, servants, employees, privies, successors, and assigns, and all claiming any rights through it, from importing, manufacturing, marketing or selling products under a trademark constituting trademark infringement or unfair competition against My Pillow's rights;

B. Order Hangzhou to recall and surrender for destruction all products, advertisements, and other materials constituting trademark infringement or unfair competition against My Pillow's rights;

C. Order Hangzhou to and surrender to My Pillow its domain name www.myfacepillow.com;

D. Award My Pillow compensatory and exemplary damages for the Counts

stated herein, including income and profits My Pillow lost and may lose in the future as a result of Hangzhou's unlawful activities including trademark infringement and unfair competition; together with any costs;

E. Award My Pillow the profits of HANGZHOU under 15 U.S.C. §1117 for Hangzhou's trademark infringement and unfair competition and other violations of the Lanham Act;

F. Award My Pillow any additional damages, including punitive damages, to which it is entitled for Hangzhou's trademark infringement and unfair competition;

G. Declare this case exceptional under 15 U.S.C. § 1117;

H. Award My Pillow costs and reasonable attorneys' fees under 15 U.S.C. §1117;

I. Grant My Pillow such and other further relief that the Court deems just and equitable.

Respectfully Submitted,

by s/David J. Simonelli
DAVID J. SIMONELLI (P47221)
SIMONELLI IP, PLLC
691 N. Squirrel Road
Suite 245
Auburn Hills, Michigan  48326
Telephone:   248-252-7435
Email:       david@simonelliip.com
*Attorneys for Plaintiff My Pillow, Inc.*

Date: October 6, 2016

## **JURY DEMAND**

Plaintiff My Pillow, Inc. hereby demands a trial by jury on all issues so triable.

        Respectfully Submitted,

        by s/David J. Simonelli
        DAVID J. SIMONELLI (P47221)
        **SIMONELLI IP, PLLC**
        691 N. Squirrel Road
        Suite 245
        Auburn Hills, Michigan 48326
        Telephone:   248-252-7435

        Email:   david@simonelliip.com

        *Attorney for Plaintiff My Pillow, Inc.*

Date: October 6, 2016